JOSEPH R. RUGGIERO *v.* TOWN OF
EAST HARTFORD ET AL.
(2371)

TESTO, HULL and BORDEN, Js.

Argued April 4—decision released June 5, 1984

*William A. Leone,* for the appellant-appellee (plaintiff).

*George F. Murray,* for the appellee-appellant (defendant Charles Burke).

*David A. Zipfel,* for the appellee on the appeal and on the cross appeal (named defendant).

HULL, J. The plaintiff instituted this action to quiet title to certain real estate allegedly acquired by him through adverse possession as against the defendants, the town of East Hartford and Charles Burke, an adjoining property owner. The defendant Burke filed a counterclaim also asserting an interest in the subject property. The court found that the plaintiff failed to sustain his burden of proof as to his claim of title by adverse possession. The court found that the town of East Hartford had a public easement over the property in question and rendered judgment for the town, but held that upon abandonment[1] by the town of that right, the land will revert one half to the plaintiff and one half to the defendant Burke as owners of the property abutting the property in question.

On appeal,[2] the plaintiff claims (1) that the court erred in finding that there was a public easement;

---

[1] The town of East Hartford asserted at the trial, and reiterated before this court, its firm intention to abandon its easement in favor of Ruggiero and Burke. We, as did the trial court, accept this representation and decide this case accordingly.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

(2) that the court erred in finding that the plaintiff had failed to establish title to the property by adverse possession; and (3) that certain factual findings of the trial court were clearly erroneous. The defendant Burke claims on cross appeal that the court erred in finding that the property had been dedicated to and accepted by the town of East Hartford, and therefore, in finding that the town had a public easement.

The property in question is a 40 foot wide by 120 foot long unpaved, unimproved portion of a street known as Johnson Street in East Hartford. Johnson Street is an L-shaped street. It is only the base portion of the L-shaped street which is the subject of this action. (See map.)

On August 30, 1918, O. J. Signor filed a land map in the land records of East Hartford. The map delineated a division of lots and a street layout of a parcel of land located between Burnside Avenue and Tolland Street. The street layout included Johnson Street as running lengthwise parallel to Tolland Street with the base of the "L" intersecting Tolland Street. Title to Johnson Street was never deeded to the town of East

Hartford. The base of Johnson Street, which is in issue here, has never been paved, cared for or improved by the town and the town never formally adopted or accepted that portion of Johnson Street as a public street. The subject property is abutted on the west side by land known as 97 Tolland Street (Lot A), presently owned by the plaintiff. The defendant Burke is the owner of the property at 99 Tolland Street (Lot B) which abuts the east side of the subject property.

The trial court conducted extensive fact finding, as evidenced in its memorandum of decision, concerning ownership and use of the base portion of Johnson Street and the abutting properties. The Ruggiero property (Lot A) is utilized primarily as a used car dealership and auto body shop. The Burke property (Lot B) is used for an office and a residence. In 1955, the plaintiff's father, Joseph Ruggiero, Sr., purchased Lot A with his partners and they conducted a used car business thereon. During this time, the plaintiff's father and his partners freely used a portion of the base of Johnson Street as part of the used car lot. At that time, the then owner of Lot B used a portion of the subject property as an access route from the long portion of Johnson Street to Tolland Street. Eventually, the plaintiff's father became the sole owner of Lot A. That property continued to be used as a used car lot and cars were continuously parked on a portion of the base of Johnson Street. At the same time, however, a portion of the base of Johnson Street was continually used as a driveway or access route by the adjoining land owners.

In 1960, Burke's predecessor in title, Joseph Gadoury, and the plaintiff's father attempted to get the town to abandon its rights concerning the base of Johnson Street. After this attempt failed, these two parties entered into an informal agreement regarding use of the street. The trial court found that it was their intention to split the property evenly, although in actuality,

it may not have been evenly divided. The court further found that Gadoury used twenty-five percent of the property, but he also considered that each party had the use of one half of the property; that, in any event, each party occasionally used the other party's one half portion of the property; and that neither claimed title to the property.

In 1972, the plaintiff's father deeded the property to the plaintiff through a straw man. In 1974, another of Burke's predecessors in ownership, Paul Rancourt, erected a fence on the property line between the Burke property and the base of Johnson Street. The trial court found that, from the time the fence was erected in 1974, "there is no doubt that Mr. Ruggiero was making a claim openly and adversely to the entire disputed parcel." Burke purchased Lot B sometime after 1974.

I

The plaintiff claims that the court erred in rendering judgment in favor of the town of East Hartford on the basis of its finding a public easement.

Title to realty held by a municipality for a public use cannot be acquired by adverse possession. See *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 276, 429 A.2d 865 (1980); *Goldman* v. *Quadrato,* 142 Conn. 398, 402–403, 114 A.2d 687 (1955). We must first address the issue of whether there existed a public easement over the subject property. In order to establish the existence of a public easement, there must be a dedication of the land by the owner of it and an acceptance of the dedicated land by the town or by the general public. *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 439, 430 A.2d 25 (1980). A dedication is an appropriation of land to some public use made by the owner of the property. *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241 (1958). The court, in this case, found that there was an implied dedication of

Johnson Street to the town of East Hartford by virtue of the references to Johnson Street in the deeds of the subdivision created by the original grantor, O. J. Signor, and due to the fact that Signor filed with the clerk a map which included Johnson Street. The fact that a subdivision map was filed with the town does not in itself constitute an implied acceptance of the street by the town. *Meshberg* v. *Bridgeport City Trust Co.,* supra, 280.

Whether there has been a dedication and whether there has been an acceptance are questions of fact. *Meshberg* v. *Bridgeport City Trust Co.,* supra, 279; *DiCioccio* v. *Wethersfield,* 146 Conn. 474, 479, 152 A.2d 308 (1959). An acceptance may be express, pursuant to formal proceedings, or implied. *Meder* v. *Milford,* 190 Conn. 72, 75, 458 A.2d 1158 (1983); *A & H Corporation* v. *Bridgeport,* supra. A valid acceptance of a dedication can only be made by the town or the proper municipal authorities or by the general public. *Meder* v. *Milford,* supra, 74; *Meshberg* v. *Bridgeport City Trust Co.,* supra. An implied acceptance by a town or municipal officials may be established where, for example, the town grades and paves the street, maintains and improves it, plows it, or installs drains, sewers, lighting, curbs, or sidewalks on it. *Meshberg* v. *Bridgeport City Trust Co.,* supra, 283. There is no evidence in this case establishing that the town of East Hartford exercised control over the subject property in any way. The facts, therefore, do not support a finding of a valid acceptance by town authorities.

In order to find an acceptance by the general public through actual use, "[t]he use to which the public puts the subject property must continue over a significant period of time . . . and be of such a character as to justify a conclusion that the way is 'of common conven-

ience and necessity.' " Id., 282. The actual use, however, "need not necessarily be constant or by large numbers of the public . . . ." Id.

The trial court found, as a matter of fact, that "many people would walk through [the base of] Johnson Street to get to Burnside Avenue and vice versa." The court further found that, in addition to pedestrian traffic, there was use by motorcyclists and bicyclists and by persons who parked their cars on the disputed portion. These findings were based upon public use of the disputed parcel from at least 1959 to 1972. This is not an insignificant period of time. On the basis of these factual findings of use by the general public, we cannot say that the court's conclusion that there was a public easement over the base of Johnson Street was clearly erroneous. See Practice Book § 3063; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

## II

Because we conclude that the trial court's conclusion that there was a public easement was not clearly erroneous, the plaintiff may not properly assert a claim to title to the subject property by adverse possession. See *Meshberg* v. *Bridgeport City Trust Co.,* supra, 276; *Goldman* v. *Quadrato,* supra. In any event, this claim, in the absence of finding a public easement, would fail. The plaintiff claims on appeal that certain factual findings by the trial court, which led to its conclusion that the plaintiff failed to meet his burden of proof on the issue of adverse possession, were clearly erroneous. The trial court stated that "[i]n order to prevail [on the issue of adverse possession] it is incumbent upon the plaintiff to prove his contention by a fair preponderance of the evidence . . . ." The court found that the plaintiff did not meet this burden.

The standard of proof, however, for establishing title by adverse possession is "clear and positive proof." *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1982); *Clark* v. *Drska,* 1 Conn. App. 481, 484, 473 A.2d 325 (1984). This burden of proof places a higher burden upon the claimant than the preponderance of the evidence standard. See *Clark* v. *Drska,* supra, 486–87 ("clear and positive" standard equated to "clear and convincing" standard). Since the trial court found that the plaintiff failed to meet his burden with respect to the lower standard of proof by a preponderance of the evidence, it is clear that the plaintiff would not have been found to have met the higher standard of clear and positive proof.

Whether the elements of adverse possession have been established is a question of fact for the trial court. Id., 484. "Ouster and adverse possession are questions of fact and are not reviewable unless the subordinate facts are legally and logically inconsistent or are insufficient to support the conclusion that they exist." Id., 484–85. In order to establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his own and without the consent of the owner. *Whitney* v. *Turmel,* 180 Conn. 147, 148, 429 A.2d 826 (1980); *Ruick* v. *Twarkins,* 171 Conn. 149, 155, 367 A.2d 1380 (1976); *Arcari* v. *Dellaripa,* 164 Conn. 532, 536, 325 A.2d 280 (1973); *Clark* v. *Drska,* supra, 485.

We conclude that the court's finding that the plaintiff failed to meet his burden of proof was not clearly erroneous. While the court erred by applying the wrong standard of proof, the fact that the court applied a lesser standard renders such error harmless.

### III

The trial court correctly held that the plaintiff and the defendant Burke each owned one half of the base of Johnson Street up to the center line subject to the town's easement and that, upon abandonment of the public easement by the town, the use of one half of the property would revert to each as an abutting landowner. We have concluded that there was a valid acceptance of the dedication of that portion of the street, and it is clear that the town will abandon any rights it has concerning this section of land, in favor of Ruggiero and Burke.

The law in this state is clear that the taking of a highway creates no interest in fee, the presumption being that the landowners whose lands abut the highway continue to be owners of the fee of the land to the center of the highway. *Ventres* v. *Farmington,* 192 Conn. 663, 668–69 n.3, 473 A.2d 1216 (1984); *Luf* v. *Southbury,* 188 Conn. 336, 341, 449 A.2d 1001 (1982); *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 355–56, 114 A.2d 216 (1955); *Peck* v. *Smith,* 1 Conn. 103, 132, 6 Am. Dec. 216 (1814) (*Swift, J.*). "The soil of a highway descends to heirs and passes to grantees as an appurtenant to the land adjoining, and whenever the highway is discontinued, the adjoining proprietors hold the land discharged of the easement." *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* supra, 356. The law established by the case of *Peck* v. *Smith,* supra, and its progeny, therefore, dictates the property rights of Burke and Ruggiero in this case and clearly supports the conclusion of the trial court.

### IV

As concerns the defendant Burke's claims on cross appeal, our analysis disposes of the issues raised by him

concerning the court's finding of a public easement and its finding of a valid dedication and acceptance. Burke, however, also asserts on appeal that, in the absence of a public easement, he owns title to the entire subject property by virtue of a reversion to the original grantor or his heirs and assigns. Burke, through his attorney, claimed at oral argument that he had a deed which includes title to the disputed parcel. Because this claim was not raised at the trial, we will not consider it on appeal. Practice Book § 3063; see *Chaplin* v. *Balkus*, 189 Conn. 445, 447, 456 A.2d 286 (1983).

There is no error.

In this opinion the other judges concurred.