GAY H. VOSSBRINCK *v.* KARL P. VOSSBRINCK
(12261)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued June 8—decision released August 14, 1984

*Edward J. Androski,* for the appellant (defendant).

*Paul Smith,* with whom was *Gwen B. Dreilinger,* for the appellee (plaintiff).

PARSKEY, J. This appeal raises a single issue, namely, whether the trial court abused its discretion in denying the defendant's motion for a continuance. We find no error.

In November, 1982, the plaintiff filed an action seeking dissolution of her marriage to the defendant. At that time the defendant was represented by private counsel. On April 18, 1983, the defendant's attorney filed a motion to withdraw as counsel alleging "that there have been basic differences and disagreements over the conduct of the case between [counsel] and the client which makes further representation in the matter inappropriate." On the same date the motion was heard by the court, *Kline, J.,* and granted without objection by the defendant.[1] Thereafter the defendant filed an appearance pro se.

---

[1] Although the defendant asserts that at the hearing on the motion he was not given an opportunity to object to his counsel's motion, this assertion is not supported by the record. When the matter was first brought up by counsel, the defendant discussed with the court an unrelated matter. Then the following occurred.

"The Court: Meanwhile, I will grant Mr. Albrecht's motion to withdraw.

"Mr. Vossbrinck: Your Honor, I have a question about that.

"The Court: Sure.

"Mr. Vossbrinck: I am involved in that motion, am I not?

"The Court: Motion to withdraw?

"Mr. Vossbrinck: Yes.

"The Court: Yes.

"Mr. Vossbrinck: And, I would like—

"The Court: Sure. It is your right.

"Mr. Vossbrinck: I would just like to ask the court to do something, your Honor. When I first retained Mr. Albrecht, I came up with the two thousand to twenty-five hundred dollar retainer. Since it would seem to be at odds about whether that was done judicially or not, I would ask the retainer be returned because I am broke and can't hire any—

"The Court: That is something you will have to negotiate with Mr. Albrecht.

"Mr. Vossbrinck: The court will not order that?

"The Court: I am not going to get involved in that unless you make some kind of a motion.

"Mr. Vossbrinck: Yes.

"The Court: That is something that really should be worked out. If he

On April 18, 1983, the case was assigned for trial on May 23, 1983, before the *Hon. Robert A. Wall,* state trial referee. On May 2, 1983, the chief clerk of the Litchfield judicial district sent a letter to the state trial referee, with copies to counsel for the plaintiff and to the defendant, notifying him of the above assignment date. On May 6, 1983, after being advised by the defendant that due to vacation plans he would be unavailable on May 23, the state trial referee notified the defendant and the plaintiff that the matter had been reassigned to May 17.

At the assigned date the defendant orally requested a continuance asserting that his attorney was permitted to withdraw against his objections, that when the matter came before Judge Kline, "I never even spoke," that the court showed no concern about the money he had advanced his attorney, and that he had consulted a number of attorneys but that each of them requested a substantial amount of money "up front." He further asserted that he had finally contacted an attorney who expressed a willingness to take his case under financial arrangements acceptable to him but that because "[t]he emotional aspect of the case is extremely sophisticated, and the financial aspect is extremely sophisticated" he would need about a month to get the necessary information. The plaintiff objected to the continuance on the grounds that her attorney's office had been notified that day by the named attorney that she was not going to represent the defendant, that at the time of the taking of a deposition on April 15, 1983, the defendant's

can present you with a bill showing, you know—

"Mr. Albrecht: Mr. Vossbrinck retained me on two matters, a criminal matter and on this matter. I told him I would account to him my time and send him an appropriate bill. I did not know whether I would be doing any work.

"The Court: You don't know whether he owes you any money or a rebate. I just don't know. Why don't you wait. And, if you can't negotiate something, then come back to the court on a motion.

"Mr. Vossbrinck: Yes, your Honor."

attorney orally advised the defendant that he was no longer going to represent him, and that at the time of the hearing before Judge Kline, the court was advised that the withdrawal issue came about as a result of a difference of opinion as to how the case should be handled. The motion for continuance was denied and the case proceeded to trial.

A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. *Leveston* v. *Leveston,* 182 Conn. 19, 24, 437 A.2d 819 (1980). Nothing in the record before us supports a conclusion that the discretion was abused. Although in his brief the defendant, who has been represented by counsel on appeal, asserts that as a result of being obliged to represent himself he "made numerous evidentiary errors and trial errors which resulted in a favorable Judgment for the Plaintiff," his brief contains neither a narrative nor verbatim statement, appropriately referenced to the transcript, in support of his bald assertions. Practice Book § 3060F. Indeed, although we are not obliged to do so, our perusal of the transcript reveals that, on a number of occasions, the trial court not only sustained the defendant's objections to questions but also sua sponte ordered certain answers stricken. We have on occasion construed our rules very liberally in the case of pro se litigants. But not even pro se litigants have a right to expect us to examine the record microscopically in order to ascertain whether there is any basis for reversal of a trial court's judgment. A litigant, whether represented or not, should understand that a tissue of unsupported allegations tends to disintegrate when exposed to the light of day.

There is no error.

In this opinion the other judges concurred.