Donna Durso *v.* Wayne Misiorek
(2014)

Dupont, C. J., Spallone and Daly, Js.

Argued November 13, 1984—decision released January 22, 1985—upon
certification granted, reversed and remanded July 29, 1986—on
remand, decision released October 28, 1986

*Douglas B. Sherman,* assistant attorney general, with
whom, on the brief, was *Joseph I. Lieberman,* attor-
ney general, for the appellant (state).

*Sheila S. Horvitz,* with whom, on the brief, was *Karen
K. Lamb,* for the appellee (defendant).

DUPONT, C. J. On January 22, 1985, this court, sua
sponte, dismissed this appeal for lack of jurisdiction.
*Durso* v. *Misiorek,* 3 Conn. App. 212, 485 A.2d 1309
(1985), rev'd, 200 Conn. 656, 512 A.2d 917 (1986). The
state had appealed from a judgment rendered after
a jury found that the defendant was not the father of
the plaintiff's child.[1] On certification to the Supreme
Court, it was determined that, although the attorney
general was not served with the plaintiff's petition
which commenced the Superior Court action and did

---

[1] This appeal was originally filed in the Appellate Session of the Supe-
rior Court. General Statutes § 51-197a (c).

not participate in that trial, the attorney general was nonetheless a proper appellant pursuant to General Statutes § 46b-160 and that there was jurisdiction to hear the appeal. *Durso* v. *Misiorek,* 200 Conn. 656, 512 A.2d 917 (1986). The appeal was remanded to this court for further proceedings.

The action was commenced by filing a verified petition, with summons and order, in the appropriate geographical area of the Superior Court, pursuant to General Statutes § 46b-160. During the course of the trial, the plaintiff requested a continuance in order to call her husband as a witness to rebut the defendant's testimony that the plaintiff had visited her husband during the period when conception occurred. At the time of conception, the plaintiff was separated from her husband. The continuance request was denied.

The sole issue raised on appeal is whether the trial court abused its discretion by denying the motion for a continuance which was sought by the plaintiff to allow her to present her husband's testimony to the jury. We find no error.

The trial court's refusal to grant a continuance to the plaintiff for the purpose of calling her husband to testify was based upon several considerations, one of which was the inadmissibility of the husband's testimony on the issue of nonaccess.[2] This appeal is based solely upon the attorney general's argument that the

---

[2] The trial court's memorandum written pursuant to the defendant's motion for rectification of the record reads: "In deciding upon the request for a continuance, the Court considered the following: the plaintiff's counsel had ample opportunity to subpoena the plaintiff's husband and did not do so; the plaintiff's counsel failed to advise either the Court or the jury that he intended to call the plaintiff's husband as a witness; the plaintiff's counsel rested her case without reserving the right to call the plaintiff's husband as a witness; and it had taken approximately two hours to present to the jury all of the evidence in the case at the time the request for a continuance was made and the next available trial date was the subsequent Tuesday, necessitating a four day delay before the jury could hear the addi-

trial court erred in determining that a husband may not testify to nonaccess so as to bastardize the child of presumptive parents.

Whether the trial court's ruling on the admissibility of such testimony is in accord with the present state of the law need not be conclusively determined at this time.[3] The record reveals several factors considered by the court in its denial of the motion which lend adequate support to the propriety of its ruling, especially in light of the consideration that " '[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made.' " *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983).

The attorney general here bears the burden of demonstrating that the court abused its discretion in denying the motion for a continuance. *Chaplin* v. *Balkus,* 189 Conn. 445, 448–49, 456 A.2d 286 (1983). " 'A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion.' *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985)." *Hall* v. *Dichello Distributors, Inc.,* 6 Conn. App. 530, 537, 506 A.2d 1054 (1986). Even if the attorney general's con-

tional testimony and commence deliberations. In addition, the testimony of the plaintiff's husband as to nonaccess to the plaintiff for purposes of proving bastardy was inadmissible.

"The Court, therefore, refused to grant the request of the plaintiff's counsel for a continuance."

[3] The only reference in this state to this archaic rule of testimonial infirmity on the issue of nonaccess is found in *Hartford National Bank & Trust Co.* v. *Prince,* 28 Conn. Sup. 348, 352, 261 A.2d 287 (1968), in which then Superior Court Judge Parskey stated: "While most courts exclude both in-court and out-of-court declarations by a spouse intended to bastardize his issue, Wigmore has criticized these holdings as illogical now that parties are no longer disqualified as witnesses; 7 Wigmore, Evidence (3d Ed.)9 § 2064; and this court is inclined to agree."

tention that Lord Mansfield's Rule is no longer the law is correct, the attorney general fails to address the number of other factors considered by the court in denying the motion. The court clearly stated that it considered the plaintiff's failure to subpoena the husband, the failure to advise the court of any intention to call the husband as a witness, the failure of the plaintiff's counsel to reserve the right to call the husband as a witness when she rested her case, and the fact that granting such a motion would presumably delay that trial for several days.

The plaintiff was aware that the case was on the ready trial list for almost three months and yet had failed to subpoena the witness, or to present the witness at trial. The assignment of the case is tantamount to an order of the court that the parties proceed to trial at the time set. *Mechanics Savings Bank* v. *Tucker,* 178 Conn. 640, 643, 425 A.2d 124 (1979). While the plaintiff received only a day's notice of the commencement of the trial, no indication was given that the husband would be called as a witness in this action, and no attempt was made to reserve her right to call him at the time she rested her case. The dictates of effective caseflow management plus the plaintiff's failure to seek the presence of her husband at trial clearly support the decision to deny the motion for continuance. See *Thode* v. *Thode,* supra; *In re Mongillo,* 190 Conn. 686, 461 A.2d 1387 (1983). The attorney general has not demonstrated that the trial court abused its discretion.

There is no error.

In this opinion the other judges concurred.