JEAN ATKINS *v.* VICTOR ATKINS
(5776)

DALY, NORCOTT and FOTI, Js.

Submitted on briefs November 19—decision released December 29, 1987

*Francis J. Grady,* with whom, on the brief, was *Maureen A. Sheehan,* for the appellant (defendant).

*William F. Dezinno,* for the appellee (plaintiff).

FOTI, J. The defendant appeals from the trial court's granting of the plaintiff's motion to modify that portion of the divorce judgment relating to support. The defendant claims that the trial court (1) violated his constitutional right to due process, and (2) abused its discretion in granting the plaintiff's motion. We find no error.

The essential facts are not in dispute. The parties were divorced on November 15, 1979, and custody of their minor child was awarded to the plaintiff with rights of visitation in the defendant. Support was ordered in the amount of $50 per week from the defendant. The plaintiff thereafter moved to Alaska with the child and the defendant filed a motion for a temporary restraining order and show cause order dated November 1, 1985, seeking to restrain the plaintiff from removing their child from Connecticut. The court entered an order pursuant to an agreement of the parties which dissolved the restraining order and allowed the defendant to exercise his rights of visitation for six weeks in the summer and for a ten day period in the winter. Travel expenses for the summer visitation were to be paid by the plaintiff and those of the winter visitation by the defendant.

In her motion to modify, the plaintiff stated that she had been gainfully employed as a teacher at the time of the dissolution, but that her employment had been terminated. She claimed her change in circumstances was a substantial change beyond the contemplation of the parties at the time of judgment. She therefore sought a modification of the child support order and reasonable attorney fees and costs.

When the motion came before the court a "notice of incapacity"[1] was filed along with a letter from the defendant's doctor.[2] Although the defendant was not present, the court proceeded with the hearing. The only financial affidavit for the defendant was one filed in the original proceedings in 1979.

After hearing the plaintiff's motion, the court entered the following order: "In lieu of the support increase requested by the plaintiff, the defendant shall pay for the travel of the minor child for the summer visitations

---

[1] The defendant's notice of incapacity provided:

"NOTICE OF INCAPACITY

Victor Atkins having received a copy of the order for hearing and notice dated December 11, 1986 hereby notifies the court that he has had major surgery on December 2, 1986 and as of December 16, 1986 and has been prohibited from driving, working, or lifting by his surgeon, R.R. Tadros, M.D.

The undersigned has been contacted by Victor Atkins by telephone but has not yet been retained and provides this notice to the court for informational purposes.

The undersigned attempted to re-schedule the hearing with William Dezinno, Esquire, attorney for the Plaintiff but said attempts were unsuccessful due to the unwillingness or inability of the Plaintiff to rearrange her air flight to Alaska scheduled for December 19, 1986.

The undersigned not having been retained by Victor Atkins notified Attorney Dezinno that the hearing could not take place on December 18, 1986 at 2 p.m. and has made a commitment to be elsewhere on December 18, 1986 at 2 p.m.

Respectfully Submitted
Francis J. Grady,
Commissioner of the Superior Court"

[2] The defendant's doctor's letter provided:

"December 16, 1986
To Whom It May Concern:
RE: Victor Atkins

Mr. Atkins was admitted to St. Mary's Hospital on December 2, 1986 and had surgery the following day.

He has been totally restricted since that time. He has not been able to work, lift or drive.

Sincerely yours,
R.R. Tadros, M.D."

and shall pay all the long distance phone calls to and from his daughter. The defendant shall pay court costs of $25 and a sheriff's fee of $28. Lacking adequate financial information about the defendant, the court will consider these awards as being made without prejudice to the plaintiff refiling at a later date. The defendant shall pay $100 towards plaintiff's counsel fees."

The defendant does not claim a defect in notice for the hearing. Rather, he claims that he was not allowed sufficient time to prepare his case, that he was not able to be present for his case and that he did not have counsel present, and was thereby denied a meaningful opportunity to be heard by the court.

The notice of incapacity was in effect a request for a continuance. "A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. *Leveston* v. *Leveston,* 182 Conn. 19, 24, 437 A.2d 819 (1980)." *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011, cert. denied, 471 U.S. 220, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1984). Traditionally, whether to grant or deny a continuance is within the sound discretion of the court; *State* v. *Olds,* 171 Conn. 395, 402, 370 A.2d 969 (1976); however, discretion should be exercised so as to accomplish the ends of substantial justice. *State* v. *Battle,* 170 Conn. 469, 476, 365 A.2d 1100 (1976).

The defendant had adequate notice of the date set for the hearing. He knew he was not represented by an attorney, yet he arranged to have an attorney file the notice of incapacity. He also arranged to have a doctor's letter prepared and attached to the notice of incapacity. Further, he knew that the plaintiff was unable to reschedule her flight back to her home in Alaska, that fact being acknowledged in his notice of incapac-

ity. Having obtained the letter from his doctor, the defendant was also aware that the letter was dated December 16, 1986, and made no mention of his condition after that date or any medical prohibition for any activity subsequent to that date.

The defendant has failed to show that the denial of his request for a continuance was so arbitrary as to violate due process. An examination of the record does not show a clear abuse of that discretion. The presumption which exists in favor of the trial court having exercised proper discretion must stand. *State* v. *McKnight,* 191 Conn. 564, 577, 469 A.2d 397 (1983); *State* v. *Jeustiniano,* 172 Conn. 275, 285, 374 A.2d 209 (1977).

Having found that the defendant's due process rights were not violated by holding the hearing in his absence, all that remains of his second claim is whether the court acted legally in modifying its original order.

Whether the modification is tested by the older standard which required a substantial change in circumstances not foreseen by the parties at the time of the dissolution; *Benson* v. *Benson,* 187 Conn. 380, 382, 446 A.2d 796 (1982); *McGuinness* v. *McGuinness,* 185 Conn. 7, 9, 440 A.2d 804 (1981); *Cummock* v. *Cummock,* 180 Conn. 218, 220, 429 A.2d 474 (1980); or the present standard which requires a "showing of a substantial change in the circumstances of either party"; Public Acts 1987, No. 87-104; see also *Wanatowicz* v. *Wanatowicz,* 12 Conn. App. 616, 617 n.1, 533 A.2d 239 (1987); the court exercised its discretion in granting the modification.

There is no error.

In this opinion the other judges concurred.