STEPHEN HIRSCH *v.* NUNZIO SQUILLANTE ET AL.
(6526)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued November 17, 1988—decision released January 24, 1989

*Patrick Tomasiewicz,* for the appellant (plaintiff).

*Ralph G. Eddy,* for the appellees (defendants).

NORCOTT, J. On appeal from a judgment rendered for the defendants in a negligence action, the plaintiff claims that the trial court erred in granting the defendants' motion for a directed verdict and in denying the

plaintiff's motions for a continuance, for a mistrial, and for a polling of the jury, and his motion to set aside the verdict. We find error.

The facts in this case are not in dispute. The plaintiff alleged that the defendants, Nunzio Squillante and the Admiral Trucking Company, Inc.,[1] were responsible for injuries and losses he suffered when he was struck by a vehicle owned by the corporation and operated by Squillante. On the last day of the jury trial, October 22, 1987, the plaintiff's treating orthopedic surgeon, Kevin Dowling, appearing voluntarily, testified that the accident was the proximate cause of the plaintiff's injuries. Dowling's testimony was the only evidence at trial that linked the plaintiff's injuries to the accident. Before the plaintiff had completed the direct examination of Dowling, the trial court ordered a luncheon recess. Dowling then abruptly and adamantly refused to return after the recess, claiming a conflict between the demands of his medical practice and the time taken by his testimony in many court cases.

Following the luncheon recess, the defendants moved for a mistrial claiming that they were prejudiced by their inability to cross-examine Dowling. The plaintiff, in turn, moved for a continuance and a polling of the jurors to ascertain whether they would extend service beyond their normal term which was to end the next day, Friday, October 23, 1987. In the alternative, the plaintiff moved for a mistrial because of the extraordinary circumstances that had developed. The trial court treated the motions for mistrial as a "joined" motion and denied all motions of both parties. The court then struck Dowling's uncompleted direct testimony

---

[1] The city of Hartford was a named defendant in the action but, although the record before us does not so indicate, counsel for all parties agree that the plaintiff withdrew the action as to the city prior to trial.

and, upon motion by the defendants, ordered a directed verdict in their favor, reasoning that there was no other proof that the plaintiff's injuries were caused by the accident. The plaintiff then moved to set aside the verdict. The trial court denied the plaintiff's motion and this appeal followed.[2]

The plaintiff first claims that the trial court erred in denying his motion for a continuance. He argues that the court's denial of his request for time to subpoena Dowling after his abrupt departure unjustly prejudiced him.

"A motion for continuance is addressed to the discretion of the trial court and its ruling will not be overturned absent a showing of clear abuse of that discretion." *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985); *Atkins* v. *Atkins,* 13 Conn. App. 114, 117, 534 A.2d 909 (1987). In our review of the trial court's ruling on a motion for continuance, "[e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980). The record indicates that the trial court based its denial of the plaintiff's request for a continuance on the following determinations: (1) the jurors would have been unwarrantedly inconvenienced by service beyond their normal term; (2) the defendant Squillante would be unavailable the following week because of previously scheduled appointments for a serious medical condition; and (3) the plaintiff's predica-

[2] A review of the record reveals that the plaintiff filed a motion to set aside the verdict more than five days after judgment in violation of Practice Book § 320. The defendant, however, failed to raise the issue of the untimeliness with the trial court. Accordingly, the defendant's argument that we may only extend plain error review to this appeal is without merit. See *Coelho* v. *Posi-Seal International, Inc.,* 208 Conn. 106, 108 n.3, 544 A.2d 170 (1988).

ment was of his own making in that he had failed to subpoena Dowling initially. The court concluded that, given the circumstances before it, a continuance was "not permissible." On the basis of the standards governing the trial court's discretion on a motion for continuance, we cannot say that the trial court clearly abused its discretion in denying the continuance. See *State* v. *McKnight,* 191 Conn. 564, 576–77, 469 A.2d 397 (1983); *State* v. *Chapman,* 16 Conn. App. 38, 546 A.2d 929 (1988).

The plaintiff next claims that the trial court erred in denying his motion for mistrial. We first note that it was the defendants who, recognizing the bizarre turn taken by the trial, first moved for a mistrial on the basis that they were prejudiced by not having an opportunity to cross-examine Dowling. The court considered the plaintiff's motion for mistrial as joined with that of the defendants, and concluded that, notwithstanding Dowling's conduct, a fair trial was still possible if proper jury instructions were given. In fact, no jury instructions were given, because the court thereafter ordered the jury to return a verdict in the defendants' favor.

" ' "The general principle is that a mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial and whole proceedings are vitiated." *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433 [1947]. The granting of such a motion rests largely in the discretion of the trial court. *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460 [1947].' " *Dreier* v. *Upjohn Co.,* 196 Conn. 242, 251, 492 A.2d 164 (1985). "[H]owever, discretion should be exercised so as to accomplish the ends of substantial justice." *Atkins* v. *Atkins,* supra, citing *State* v. *Battle,* 170 Conn. 469, 476, 365 A.2d 1100 (1976). In this case, there is no dispute that the court and both

parties were confronted with an extraordinary situation when Dowling unexpectedly left the courtroom. We are unpersuaded by the argument, for which the defendants cite no support, that the plaintiff should suffer the fatal consequence of a directed verdict because he failed to subpoena a voluntary witness who unexpectedly leaves the court in midtestimony.

"Some witnesses, not parties to the cause, come to court willingly. Others, for many reasons, from unwillingness to employer's demands, can only become available because they are ordered to appear under subpoena." B. Holden & J. Daly, Connecticut Evidence (1988) § 122b. Although our Supreme Court has held that, in failing to subpoena a necessary witness who does not appear at trial, a party has acted at its own peril; *State* v. *Bennett,* 171 Conn. 47, 58, 368 A.2d 184 (1976); *Teitelman* v. *Bloomstein,* 155 Conn. 653, 662, 236 A.2d 900 (1967); this is not such a case. Dowling appeared at the trial voluntarily, began his testimony and gave no warning that he would not complete it.

We conclude that the plaintiff's failure to subpoena the witness, in reliance on assurances that he would testify voluntarily, should not have resulted in a directed verdict. The granting of a mistrial would have recognized the unusual procedural situation in this case and would have placed the parties in the same position they were in before the trial began. Under the unique circumstances of this case, we conclude that the denial of the joined motions for mistrial and the granting of the defendant's motion for directed verdict was error.[3]

There is error, the judgment is set aside and the case is remanded with direction to grant the motion for mistrial.

In this opinion the other judges concurred.

[3] Given this decision, we need not reach the plaintiff's claim that the trial court erred in refusing to poll the jury.