CHARLES A. BURKE *v.* JOSEPH R. RUGGERIO ET AL.

ROLAND A. PEPIN ET AL. *v.* CHARLES A. BURKE[1]
(9274)

SPALLONE, FOTI and HEIMAN, Js.

[1] The genesis of this appeal is an action that was instituted in February, 1988, by Roland Pepin, Joseph Ruggerio, and Nicholas Serignese against Charles Burke alleging that Burke had unlawfully entered onto the plaintiffs' respective properties and constructed a fence thereby interfering with the plaintiffs' use of their land. This case was filed in the Superior Court, Judicial District of Hartford and was assigned civil docket number CV-88-0341542S. In August, 1988, Charles Burke filed a separate action against the following abutting property owners: Joseph Ruggerio, Nicholas Serignese, Roland A. Pepin, Alfred P. Roggi, Dorothy D. Roggi, Ralph Pasek, Edythe L. Pasek, trustee for the Truck Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 671, Carmine J. Napolitano, Michael J. Napolitano, Ruth Napolitano and Richard P. Napolitano. This case was also filed in the Hartford Superior Court and it was assigned civil docket number CV-88-0349471S. The court consolidated these actions for trial and its memorandum of decision referred to *Burke* v. *Ruggerio,* docket number CV-88-0349471S, as the primary case, but specifically stated that its decision refers to both cases. The trial court rendered judgment in favor of those defendants named in *Burke* v. *Ruggerio* and Burke appealed to this court.

Argued February 13—decision released May 28, 1991

*Robert F. Cohen,* for the appellant (plaintiff in the first case, defendant in the second case).

*David A. Zipfel,* for the appellees (named defendant et al. in the first case, plaintiffs in the second case).

*Dennis C. LaGanza,* for the appellees (defendant Ralph A. Pasek et al. in the first case).

HEIMAN, J. The plaintiff[2] appeals from the judgment of the trial court (1) finding that he has not established that he had acquired title by deed to a piece of land located in East Hartford, and (2) quieting and settling title to the center of the strip of land known as Johnson Street in each abutting owner. We affirm that part of the judgment holding that the plaintiff had not established his record title ownership, and reverse that part of the judgment purporting to quiet and settle title to the center of Johnson Street.

In his appeal, the plaintiff claims that the court incorrectly (1) concluded that he had not established his title

---

[2] In accord with footnote 1, supra, Charles Burke will be referred to as the sole plaintiff in this case.

to the disputed land by deed, (2) refused to grant the plaintiff's motion for continuance in order to permit him to secure additional witnesses, and (3) concluded that the plaintiff and the defendants each owned the property abutting their respective parcels to the center line of Johnson Street. We disagree with the plaintiff's first and second claims but agree with him with respect to his third claim.

The facts as found by the trial court are as follows. The plaintiff is the owner of lot number twenty-five on a map or plan entitled: "Property of O. J. Signor situated on the southerly side of Tolland Street and on the northerly side of Burnside Avenue, East Hartford, Conn. Scale 1 inch equals 40 ft., August, 1918 L. W. Burke and Son, Civil Engineers, Hartford."

This map also depicts an L-shaped strip of land denominated Johnson Street. Johnson Street was a "paper street." There was no formal dedication of it for use as a highway, nor was there any formal or implied acceptance of the strip by the town of East Hartford. Johnson Street was never developed as a public roadway and it was not used by any of the abutting owners for access. Title to only the base portion of the L-shaped strip was the subject of a previous action decided by this court. *Ruggerio* v. *East Hartford,* 2 Conn. App. 89, 477 A.2d 668 (1984). In that case, the trial court held that Ruggerio and Burke, a defendant in that action, each owned one-half of the base of Johnson Street for such distance as Johnson Street abutted their respective properties. We affirmed the judgment of the trial court. Id.

The defendants in this case are the owners of lots shown on the upper portion of the L-shaped strip referenced in the map. They each derived title to their respective lot from deeds in a chain of title derived from the original grantees of O. J. Signor. In addition, the

defendants each received quitclaim conveyances from the town of East Hartford purporting to convey all of the right, title and interest that the town possessed in and to that portion of Johnson Street that abutted each defendant's land. The plaintiff claims to have derived title to the entire strip of land known as Johnson Street by virtue of two warrantee deeds from people who he asserts were the heirs of O. J. Signor, the original owner of the whole tract. Prior to the execution of these two warrantee deeds, O. J. Signor had conveyed out all of the parcels of land shown on the map. Each conveyance by Signor referred to Johnson Street as a boundary where applicable.

Despite his claim that he had gained legal title from the heirs of O. J. Signor by deed, the plaintiff failed to offer any evidence that O. J. Signor was dead, that O. J. Signor was related to the plaintiff's grantors, or of their chain of title to the strip of land known as Johnson Street. The court first concluded that the plaintiff had failed to establish his title to the entirety of Johnson Street. It then rendered judgment determining that the plaintiff and each of the defendants owns the land abutting his property to the center of the strip of land known as Johnson Street on the map.

I

The plaintiff first asserts that the court incorrectly concluded that the plaintiff had failed to establish his ownership of the disputed land by deed. We disagree.

The plaintiff alleged that his title to the disputed parcel of land was acquired by virtue of two deeds, one from Walter E. Signor[3] dated December 21, 1988, and one from Elaine Hemphill Popielarski dated February 9, 1982. Both of these grantors are alleged to be

---

[3] The record refers to this alleged grantee as both Walter E. Signor and Walter Signor, Jr.

heirs of "J. [sic] J. Signor the record owner of said premises." The court concluded that the plaintiff had failed to prove that (1) O. J. Signor was dead, (2) there existed any probate proceedings or any other evidence of any distribution to the grantors, and (3) the grantors had obtained any title interest in said premises.

Even in these modern days, the ancient legal maxim *nemo est haeres viventis*[4] is still applicable. Thus, in order to establish that his purported grantors were the heirs of Signor, the plaintiff was first obligated to prove the death of Signor. The trial court found that it had before it no evidence to establish the death of Signor, a factual conclusion that cannot be disturbed on appeal. *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 160, 510 A.2d 440 (1986).

The trial court also specifically found that the plaintiff had failed to establish the derivation of the claimed title of Popielarski or Walter Signor, the source of the plaintiff's deeds to Johnson Street. This again is a factual conclusion that the trial court is permitted to draw from the evidence before it. Id. We cannot retry the facts of a case or judge the credibility of the witnesses. *Triano* v. *Brodowy,* 151 Conn. 445, 446, 199 A.2d 164 (1964).

It is well settled that in a dispute over the title to real estate, a party can prevail only on the strength of his own title. *Marquis* v. *Drost,* 155 Conn. 327, 334, 231 A.2d 527 (1967). "[O]ne cannot create a title in himself merely by proof of a set of deeds purporting to constitute a chain of title ending with a conveyance to himself." *Loewenberg* v. *Wallace,* 147 Conn. 689, 696, 166 A.2d 150 (1960).

The court correctly applied the law to the facts found and its conclusion that the plaintiff did not meet his

---

[4] "No one is the heir of a living person." Black's Law Dictionary (6th Ed.).

burden of proving his record title interest in Johnson Street by deed is amply supported by the record, and is not clearly erroneous. *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988).

## II

The plaintiff next claims that the trial court abused its discretion in refusing to grant his motion for continuance in order to produce further testimony. We disagree.

Certain additional facts are necessary to the disposition of this claim. When the plaintiff rested his case, the defendants moved for a dismissal for failure of the plaintiff to make out a prima facie case. Practice Book § 302. The basis on which the defendants pressed this motion was their claim that the deeds offered into evidence by the plaintiff did not establish a chain of title to Johnson Street, and that there was no evidence of the death of Signor, or that an inventory of his property included the property in question filed in a Probate Court. The trial court denied the motion made by the defendants pursuant to Practice Book § 302. The plaintiff then moved that he be permitted to reopen his case and that he be allowed until 10 a.m. the following morning to produce either Popielarski or Walter Signor as a witness. The plaintiff offered no reason to the court for his request, nor did he offer any explanation as to why the additional witness was necessary. The trial court, after ascertaining that the return day of the case was May 24, 1988, sustained the defendants' objections and denied the plaintiff's motion.[5]

---

[5] The following colloquy took place: "Mr. Cohen: If Your Honor pleases, I'd like to make a motion of my own, and that would be to allow me to reopen, Your Honor, and allow me until ten o'clock tomorrow morning to produce an additional witness, specifically, either Walter E. Signor, Jr., or Elaine Popielarski.

It is the burden of the plaintiff to demonstrate that the court abused its discretion in denying his motion for a continuance. *Chaplin* v. *Balkus,* 189 Conn. 445, 448–49, 456 A.2d 286 (1983). " ' "A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion." . . .' " (Citations omitted.) *Durso* v. *Misiorek,* 9 Conn. App. 93, 96, 516 A.2d 450 (1986). We are especially hesitant to find an abuse of discretion where the request for continuance comes after the plaintiff has rested his case. See *Thode* v. *Thode,* 190 Conn. 694, 462 A.2d 4 (1983). "Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980).

Just as the plaintiff offered the trial court no explanation for his request for continuance, he also offers us no explanation for his claim that the trial court acted arbitrarily.

We conclude that the trial court properly exercised its discretion in denying the plaintiff's motion for continuance.

---

"The Court: Now, this case has been on the books for a long time, Mr. Cohen. What's the feeling of counsel?

"Mr. Cohen: I have one more thing. If they feel that they have witnesses here who they'd like to put on, perhaps that could be accomplished in the same manner by allowing me to take that witness out of order.

"Mr. Zipfel: He's rested, Your Honor.

"The Court: Well, what he's asking for is the Court to allow him to withdraw that and continue with the matter until tomorrow, and my question is, do the defendants oppose that motion?

"Mr. Zipfel: Your Honor.

"The Court: Mr. Zipfel?

"Mr. Zipfel: Your Honor, I'll object to that request. Let the court decide.

"The Court: What was the return date on this case?

"Mr. Cohen: May 24, 1988.

"The Court: Motion is denied. Defendant proceed.

"Mr. Leone: Thank you, Your Honor."

## III

The plaintiff asserts that the trial court incorrectly concluded that the plaintiff and the defendants each own the land abutting his property to the center of the strip of land known as Johnson Street as shown on the map described previously. He posits that the court's reliance on the case of *Peck* v. *Smith,* 1 Conn. 103 (1814), is misplaced because *Peck* deals with a public highway. We agree. The trial court's reliance on the holding in *Ruggerio* v. *East Hartford,* supra, is also misplaced because, in *Ruggerio,* the court found that there had been a valid acceptance of the dedication *of the base of Johnson Street* thereby making that case subject to the rule of *Peck* and its progeny. Here, the trial court expressly found that Johnson Street was never developed as a public road, that it was not used by any of the abutting owners for access, that it is a paper street, that there had been no formal dedication of the strip for use as a highway, and that there had been no formal or implied acceptance of the strip by the town of East Hartford. Compare *Ruggerio* v. *East Hartford,* supra, 93–95. The factual findings of the trial court make it abundantly clear that the land in dispute is not a public highway. " 'From early times, under the common law, highways have been established in this state by dedication and acceptance by the public.' " *Ventres* v. *Farmington,* 192 Conn. 663, 666, 473 A.2d 1216 (1984). *Peck* v. *Smith,* supra, and its progeny deal only with the disposition of public highways, and are, therefore, inapplicable to this case. *Goodwin* v. *Bragaw,* 87 Conn. 31, 36–38, 86 A. 668 (1913); see also E. Sostman & J. Anderson, "The Highway and the Right of Way: An Analysis of the Decisional Law in Connecticut Public, Private and Proposed Roads from Establishment to Abandonment," 61 Conn. B.J. 299, 332 et seq. (1987).

Unless a contrary intent can be found in the deeds of conveyance, a deed to land abutting a private way does not convey any interest in fee to the center of the passway. *Seery* v. *Waterbury,* 82 Conn. 567, 571, 74 A. 908 (1909). Thus, the award by the trial court of title to the abutting owners of the property adjacent to their respective lots to the center line of Johnson Street was plain error being supported by neither the law nor the facts of this case. See Practice Book § 4185.

The judgment in favor of the defendants on the plaintiff's complaint is affirmed; that part of the judgment awarding title to Johnson Street to the plaintiff and defendants is reversed and the case is remanded with direction to vacate that portion of the judgment.

In this opinion the other judges concurred.