[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves a claim of an ownership interest in a parcel of land located in the Town of Oxford, Connecticut. The plaintiffs, Fred G. Martin and Leslie C. Martin, husband and wife, acquired title by warranty deed to a piece of land which abuts the land at issue on October 12, 1972. (Plaintiff's Ex. 2) CT Page 5316-HHHH The parcel of land described in this deed is not large, being 80 feet fronting on Old State Road with a rear dimension of 58 feet and sidelines of 87 and 66 feet. (See Defendant's Ex. 3) The defendant became the owner of the abutting property on April 5, 1979, which property surrounds the property of the plaintiff. The plaintiffs claim an interest by adverse possession to a strip of land 14 feet wide fronting on Old State Road and to the north of plaintiff's property and running along the northern boundary and across the rear of their property. (See Defendant's Ex. 3 and Plaintiff's Ex. 3 for a metes and bounds description of the property in question).
It is the plaintiff's claim that prior to the time they received the deed describing the perimeters of the house lot the real estate agent had at some point suggested that the narrow strip alongside the northerly boundary as herein before referred to had always been used as accessory to their property for a driveway. The agent, who is now deceased, had told Leslie Martin that this area was "a right-of-way". She said that the predecessor in title "always used it and there was no objection". Mrs. Martin testified that she always used it for a driveway, plowing it in the winter and there was never any objection by the defendant or its agent Walter Oliwa, even when the plaintiffs paved this driveway area.
The plaintiff Mrs. Martin further testified that she and her husband also made use of the property abutting their rear line by having a lawn and garden to which no one ever objected. It is the plaintiff's claim that this use of the property continued for a sufficient period of time so as to permit them to acquire title by adverse possession.
The essential elements of adverse possession are that the owner shall be ousted (underlining mine) from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. Roche v. Fairfield, 186 Conn. 490,498. The use is not exclusive if the adverse user merely shares dominion over the property with other users. Roche, supra, p. 498. Such a possession is not to be made out by inference, but by clear and positive proof. Ruggiero v. East Hartford, 2 Conn. App. 89,96.
The above is indicative of the standard of proof that is required for an owner of property to be divested of title to his CT Page 5316-IIII property by a claim of adverse possession. There must be an assertion of ownership by the claimant as against the owner which is tantamount to forcing the owner out or "ousting" the owner of possession.
There was evidence offered by the defendant's agent and owner Walter Oliwa that he brought in heavy equipment and regraded the property to the rear of plaintiff's deeded property in 1979 and 1980 following flooding of the Little River shown on Defendant's Exhibit 1. This was confirmed by Mrs. Martin and she testified that she never said anything about this activity. The testimony from the plaintiff and the defendant present a picture of a mutual utilization of the defendant's property and an absence of complaints by the defendant concerning the plaintiff's occupancy. The occupation must be hostile in its inception and continue so for the requisite period. Lazoff v. Padgett, 2 Conn. App. 246,250. There was also testimony by persons other than the defendant of their use of some of the same property by car parking and so forth, again without complaint from anyone, particularly the plaintiffs.
In short, the evidence offered in support of the plaintiff's claim of ownership by adverse possession does not measure up to the quantum of — proof required to establish ownership. At no time can the court-find that the defendant was ousted from possession and kept out under a claim of right.
Judgment may enter for the defendant on the complaint, together with costs.
George W. Ripley, Judge