[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action wherein the plaintiffs claim title to real estate abutting their residential premises located in Beacon Falls, Connecticut by adverse possession. It is the claim of the plaintiffs that they purchased a plot of land with a residence thereon known as 82 Laurie Lane on December 15, 1972 from one Arthur R. Randall and have lived there continuously since that time to the present, a period of 26 years.
The property to the rear of the plaintiffs lot is wooded and hilly and is presently owned by the defendants who acquired their acreage as shown on Plaintiff's Ex. 1 on June 12, 1992 having purchased it from one Elaine Patrick.
According to the plaintiff Robert Henderson who purchased the property as a joint owner with his wife, the plaintiff Barbara Henderson, the family took over at the rear of their property almost at the time they acquired title a piece of land approximating 1900 square feet and labeled as "Plot A" on Plaintiff's Exhibit 1. This exhibit also describes by metes and bounds the tract of land originally conveyed to the plaintiff, with "Plot A" located at the rear or northerly side of the original premises. The use to which "Plot A" was put over the years was as a part of the plaintiff's back yard and was used for the usual family activities such as the location of a swing set at various times or occasionally for family cook-outs. While the plaintiff on occasion directed neighborhood children off this section, other children walked unimpeded through the woods. The plaintiff never fenced or posted this area as private property.
As shown in photographs offered in evidence this property is wooded and rises rather sharply to level off where the defendant's residence was and is located. "Plot A" is not readily visible from the defendants home. The defendants lot fronts on Ellen Drive with the property line being 96.59 feet, the southeasterly line being 187.64 feet, the southwesterly line being 236.92 feet and the northwesterly line being 332.94 feet. The measurements suggest that the defendants tract is of substantial size with the parcel designated as "Plot A" on CT Page 14836 Plaintiff's Exhibit 1 being at its northwestern extremity and down a forested hill. The plaintiffs activities as regards "Plot A" would not be clearly visible to the defendants in the usual use of their premises.
The plaintiff testified that when he moved in he graded a portion of "Plot A" to extend the rear lawn. This was in 1972 and in 1992 he had a drain installed terminating on the easterly side of "Plot A". He noted that "Plot A" would only be visible from the defendant's home if the viewer were standing on the roof of the house. He further testified that no one ever gave him permission to use it and no one ever refused him use of it. When he originally purchased the premises he claims the builder generally outlined the rear area as being part of the property but his deed clearly did not include this additional property currently in dispute and now claimed under adverse possession. This area, "Plot A", is not clearly visible to a passerby from the street on which the plaintiff's residence fronts.
One Jeffrey Mettendorf, the son of a property owner whose home is located at the rear of the plaintiffs property, testified that he was familiar with the woods to the rear of the plaintiff and defendants' property and that the plaintiffs clearing of trees began only ten years ago and he noted the swing set only in the last two years. This is contrary to the plaintiffs claim that he had a swing set in this area almost from the beginning of his tenancy. As to the parameters of "Plot A", the testimony of the several witnesses including the surveyor did not establish with reasonable certainty the total extent of the property shown as "Plot A" but rather suggested an approximation of the property being utilized by the plaintiff.
The doctrine of adverse possession is to be interpreted strictly. An adverse possession is not to be determined by inference, but by clear and positive proof. Huntington v. Whaley,29 Conn. 391, 398 (1860). The Connecticut Courts have consistently adhered to the principle that "the essential elements of adverse possession sufficient to create a title to the land in the adverse possessor are that the owner shall beousted of possession (underlining mine) and kept out uninterruptedly for a period of fifteen years, by an open, visible, and exclusive possession by the adverse possessor, without license or consent of the owner." Stevens v. Smoker,84 Conn. 569, 575 (1911); Robinson v. Myers, 156 Conn. 510, 517
(1968). Roche v. Fairfield, 186 Conn. 490, 498. Such possession CT Page 14837 is not to be made out by inference, but by clear and positive proof. Ruggiero v. East Hartford, 2 Conn. App. 89, 96.
There must be an assertion of ownership by the claimant as against the owner which is tantamount to forcing the owner out or "ousting" the owner of possession.
The above is indicative of the standard of proof that is required for an owner of property to be divested of title to his property by a claim of adverse possession.
From the evidence offered in this matter, the court cannot conclude that the plaintiffs occupation of the premises was open and notorious because of the topography involved, together with the heavily treed premises and the blocked visibility from the street as noted.
Accordingly, the court concludes that the plaintiff has not met the standard of proof required to claim title to the premises in question and judgment is entered for the defendants.
George W. Ripley Judge Trial Referee