MARGARET CARINI *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WEST HARTFORD

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued October 11—decided December 7, 1972

*Philip R. Dunn,* for the appellant (plaintiff).

*Fannie Himmelstein,* assistant corporation counsel, for the appellee (defendant).

LOISELLE, J. The zoning board of appeals of the town of West Hartford denied the plaintiff's application for a variance to permit the continued use of her premises as a rooming house for at least fifteen

persons. The plaintiff appealed to the Court of Common Pleas which rendered judgment dismissing the appeal and from that judgment the present appeal was taken.

The undisputed facts presented at the hearing relevant to this appeal establish that the plaintiff owns a large eighteen-room dwelling located at 743 Prospect Avenue, West Hartford, with seven bathrooms, two large foyers and four porches. The premises have been used as a rooming house since about 1941, and were licensed as a rooming house by the building inspector for West Hartford from 1949 until some time before July 26, 1967.

The plaintiff purchased the premises in 1966 for use as a rooming house and thereafter accepted as roomers persons from the Mansfield Training School. Although these persons were in varying degrees mentally retarded, the state of Connecticut felt they would benefit from a homelike atmosphere rather than an institutional environment.

On June 5, 1969, the plaintiff made an application to the defendant zoning board of appeals for a variance "for use as a rooming house as presently used." The plaintiff asserted that a previous application had been filed in connection with the premises on July 26, 1967, and that in the present application hardship was claimed on the ground that "multiple room house is such that rooming house is only reasonable and practical use. House has history as rooming house since 1941." The zoning board of appeals denied the application but offered no reason for its decision. This court has many times declared that a zoning board of appeals should state reasons for its actions because the failure to state reasons casts on the court the burden of searching the record in an attempt to find some basis for the action taken.

*Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 144, 215 A.2d 104; *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758. While it is recognized that public-spirited citizens volunteer to perform their civic duties in serving on boards such as those involving zoning, the responsibility accompanying these positions includes the duty to act in accordance with the law, to insure the preservation of the rights of those affected.

The plaintiff assigns as error the court's conclusion that the zoning board of appeals did not act illegally, arbitrarily or unreasonably or in abuse of its discretion in denying the plaintiff's application for a variance of the zoning ordinances to permit continued use of the premises as a rooming house.

The application claims hardship, and, at the hearing before the board, counsel for the plaintiff stated that hardship existed in that the premises, because of the structural arrangement and number of rooms, could not be used except as a rooming house. Nowhere in the record, however, other than the description of the physical characteristics of the building, is there any supporting evidence of "unusual hardship." The plaintiff has not demonstrated in the record that the hardship occasioned by enforcement of the zoning ordinance is any different in kind from that generally affecting properties in the same zoning district. *Garibaldi* v. *Zoning Board of Appeals,* 163 Conn. 235, 238, 303 A.2d 743; *Belknap* v. *Zoning Board of Appeals,* 155 Conn. 380, 383, 232 A.2d 922; *Ward* v. *Zoning Board of Appeals,* supra, 143. The plaintiff's unsupported claim that the only practical and reasonable use appropriate for her premises is as a rooming house is inadequate to establish hardship peculiarly oppressive to her property. *Makar* v. *Zoning Board*

*of Appeals,* 150 Conn. 391, 190 A.2d 45. Furthermore, no showing has been made of a financial loss to the plaintiff so great as practically to destroy or greatly to decrease the value of the plaintiff's premises for any permitted use. *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 118 A.2d 894.

The plaintiff narrowed her argument in her brief to the assertion that because the premises had been operated as a rooming house for twenty-eight years, which included twenty years under a rooming house license from the town of West Hartford, it was patently arbitrary for the zoning board to refuse to issue a variance allowing continued use of the premises as a rooming house. The plaintiff further claimed that the denial of a variance under these circumstances resulted in a "constructive confiscation of a valuable right."

It is admitted by the plaintiff that her premises do not qualify as a nonconforming use since the operation of the rooming house began subsequent to the enactment of the zoning ordinances.

The thrust of the plaintiff's argument is that since zoning officials failed to enforce the ordinance over a long period of time it would now be arbitrary for the zoning board of appeals to refuse to grant a variance to protect the plaintiff from enforcement of the ordinance. It is not the function of a zoning board of appeals to consider matters such as estoppel or laches in determining whether a variance should be granted. The board's power is restricted to that provided by the zoning ordinance in accordance with legislative or statutory enactments. *Langer* v. *Planning & Zoning Commission,* 163 Conn. 453, 457, 313 A.2d 44; *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409; *Wallingford* v. *Roberts,* 145 Conn.

682, 685, 146 A.2d 588; *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746.

A municipality cannot be prevented from enforcing its zoning regulations by the unauthorized acts of its officers or agents in matters involving a governmental function. *Bianco* v. *Darien,* 157 Conn. 548, 556, 254 A.2d 898; *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 542, 192 A.2d 206. The plaintiff relies heavily in her brief on the fact that in a pending mandamus action the building inspector of West Hartford is resisting the efforts of the plaintiff's neighbors to force revocation of the license of a rooming house adjacent to the plaintiff's premises. The factual circumstances on which this decision of the building inspector is based are unknown, but, in any event, failure to comply with zoning ordinances cannot be justified by the existence of other violations unless it is shown that a pattern of discrimination has been consciously practiced by the municipality. *Bianco* v. *Darien,* supra; 16 Am. Jur. 2d, Constitutional Law, § 541; 1 Yokley, Zoning Law and Practice (3d Ed.) § 10-8, p. 447. The building inspector's refusal to revoke a rooming house license in one instance on advice of the corporation counsel falls short of demonstrating a discriminatory purpose. *Snowden* v. *Hughes,* 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497.

In her brief, the plaintiff intimates that the town of West Hartford engaged in discrimination against elder retardates under the guise of zoning. No such discrimination is revealed in either the transcript or the entire record. The plaintiff's claim of arbitrariness on the part of the zoning board of appeals cannot be sustained.

There is no error.

In this opinion the other judges concurred.