TOWN OF CHAPLIN *v.* WALLACE J. BALKUS ET AL.
(10670)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued January 10—decision released March 8, 1983

*Richard W. Lafferty,* for the appellants (defendants).

*John D. Boland,* for the appellee (plaintiff).

PER CURIAM. This is an action to enforce municipal trailer regulations. The plaintiff, the town of Chaplin, brought an action in two counts against the defendants, Wallace J. Balkus and Lucille E. Balkus, to require them to remove or apply for an occupancy permit for one of their trailers and to remove entirely their second, unoccupied trailer. The defendants filed an answer, special defenses and a counterclaim which was stricken on the plain-

tiff's motion by *Dannehy, J.*[1] After referral of the case to *Hon. Alva P. Loiselle,* state referee, judgment was entered by stipulation of counsel. On the defendants' motion, after they had been cited for contempt of the stipulated judgment, the trial court, *Goldberg, J.,* opened the judgment, heard the case on the merits, and found the issues for the plaintiff. From the judgment accordingly rendered, the defendants have appealed.

The trial court, in its oral memorandum of decision, found the defendants in violation of the Chaplin trailer regulations with regard to both of their trailers. It found that one trailer was in violation because it was vacant,[2] and the other was in violation because of the defendants' failure to apply to the planning and zoning commission for an occupancy permit.[3]

In the trial court, controversy centered not on whether the trailers were occupied or whether the defendants had failed to apply for a permit, both of these issues virtually being conceded by the defendants, but upon the propriety of characterizing the occupied trailer as a mobile home within the Chaplin trailer regulations. The defendants argued that their mobile home was a structure and not a trailer,

[1] No appeal has been taken with respect to the striking of the counterclaim, which had alleged that the plaintiff had harassed the defendants by sending them letters, by calling them to appear before town boards, and by making malicious statements about them to the press.

[2] Town of Chaplin Trailer Regulations provided, in paragraph 4-A-1: "Both lot and trailer, trailer coach and mobile home shall be owned and occupied by the same individual."

[3] Town of Chaplin Trailer Regulations provided, in paragraph 4-A-8: "No trailer may be used or occupied, on or after the effective date hereof, unless a permit issued in accordance herewith is obtained."

because it was mounted on a concrete foundation rather than on wheels. The trial court concluded that the plaintiff was correct in its characterization of the mobile home as a trailer, and that conclusion has not been challenged on this appeal.

Instead, the defendants now seek a new trial on two issues not addressed in the trial court: an alleged denial of equal protection grounded on a claim of selective and discriminatory enforcement of the plaintiff's zoning ordinances, and an alleged denial of due process in the timing of the hearing before *Goldberg, J.*[4] The defendants acknowledge that they introduced no evidence on the record on these issues in the trial court and took no exception to rulings of the court allegedly limiting their opportunity to make a suitable presentation relating thereto. They urge this court nonetheless, in the interests of justice and fair play, to set aside the judgment against them and to order further proceedings.[5] We decline to do so.

Nothing in the record before us establishes that this case presents exceptional circumstances warranting departure from our well-established rule limiting appellate review to claims distinctly raised in the trial court. Practice Book § 3063; *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). With

[4] Although in their statement of issues at the beginning of their brief, the defendants also claim a denial of due process in the promulgation and implementation of the plaintiff's trailer regulations, that claim is not pursued in the substantive discussion that follows, and is therefore deemed abandoned. The only reference to this issue is in a single sentence in the conclusion of the defendants' brief. See *Stoner* v. *Stoner,* 163 Conn. 345, 349, 307 A.2d 146 (1972).

[5] We note that some constitutional defenses were raised in the defendants' original answer to the plaintiff's complaint. There is no allegation that newly discovered constitutional issues are raised by this appeal.

respect to the equal protection claim, we have noted previously that "failure to comply with zoning ordinances cannot be justified by the existence of other violations unless it is shown that a pattern of discrimination has been consciously practiced by the municipality. *Bianco* v. *Darien* [157 Conn. 548, 556, 254 A.2d 898 (1969)]; . . . 1 Yokley, Zoning Law & Practice (3d Ed.) § 10-8, p. 447." *Carini* v. *Zoning Board of Appeals,* 164 Conn. 169, 174, 319 A.2d 390 (1972), cert. denied, 414 U.S. 831, 94 S. Ct. 64, 38 L. Ed. 2d 66 (1973). A belated invocation of constitutional principles of equal protection is no substitute for the timely building of an evidentiary record showing a pattern of discrimination that has been consciously practiced.[6]

For similar reasons, the defendants' due process claim cannot prevail. The defendants' argument that they were unconstitutionally deprived of a reasonable opportunity to prepare for trial before Judge Goldberg is supported neither by the record nor by authority. The record reveals no request for a continuance, and, a fortiori, no improper denial of such a request. This court cannot respond to claims based on allegations extraneous to the formal record. *Accurate Forging Corporation* v. *UAW Local No. 1017,* 189 Conn. 24, 27–28, 453 A.2d 769 (1983). Furthermore, the defendants have cited no authority that confers upon them an absolute constitutional right to a continuance under the circumstances of this case, even if one had been properly requested and improperly refused. Our rule, to the

---

[6] The record in fact contains testimony showing regular nondiscriminatory enforcement of the plaintiff's trailer regulations. Minutes of meetings of the Chaplin planning and zoning commission, which were made exhibits at the trial, demonstrate the commission's continuous insistence on compliance with its trailer regulations by other local owners of mobile homes.

contrary, is that we will find error in the grant or denial of a motion for continuance only if a clear abuse of the trial court's discretion is shown. *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 538, 429 A.2d 801 (1980). Before a denial of a request for continuance can be found to have been arbitrary, the party seeking a continuance must bear the burden of demonstrating the existence of special and compelling circumstances that prove the deprivation of a constitutional right. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar* v. *Sarafite,* 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964); *Ridgeway* v. *Ridgeway,* supra, 539; *State* v. *Jeustiniano,* 172 Conn. 275, 285, 374 A.2d 209 (1977); *State* v. *Bethea,* 167 Conn. 80, 83–84, 355 A.2d 6 (1974).

There is no error.