[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above captioned matter the court sustains the appeal and finds that the Zoning Board of Appeals of the Town of Hamden (ZBA) acted illegally, arbitrarily and in abuse of its discretion in granting the variances in that it made no finding of hardship either in its decision or on the record as required under 8-6 of the Connecticut General Statutes, Annotated.
After a June 21, 1990 hearing, the court finds the plaintiff to be an aggrieved party in that he is the abutting land owner of the subject property.
The applicant, East Coast, is the owner of property known as 1850 State Street, Hamden, Connecticut. It is situated at the corner of State Street and Hyde Street. The property measures 7,994 square feet in area and is located in an R-5 zone district. The purpose of the R-5 district is to provide for moderate density residential development and, subject to the special condition of 773, office buildings. CT Page 1510
The applicant's property consists of a two story residential dwelling which the applicant proposed to transform into offices without altering the exterior. In order to effect this proposal, the applicant, on May 8, 1989, applied to the ZBA for variances of: 723(a), to allow vehicular traffic access onto Hyde Street, where the regulations require access to State Street: of 723(c), to allow a lot of 8,000 square feet where 40,000 square feet is required for an office building; of 723(d), to allow off-street parking within 10 feet of the front yard where 15 feet is required: and of 723(e), to allow off-street parking within six feet of the side yard and rear lot where 20 feet is required.
On July 6, 1989, a public hearing was held where testimony and evidence was offered by proponents and opponents of the requested variances. The ZBA granted the application and notice of such action was duly published in the New Haven Register.
The hardship set forth in the application for the variances was, "Enforcement of the strict letter of the zoning ordinance would prevent the subject property from being used to its highest and best use." Exhibit #1, ZBA Application Form dated May 8, 1989, Return of Record.
The burden is on the applicant seeking a variance to prove hardship. Carini v. Zoning Board of Appeals, 164 Conn. 169, 172,319 A.2d 390 (1972), cert denied, 414 U.S. 831, 94 S.Ct. 64,38 L.Ed.2d 66 1973; Kelly v. Zoning Board of Appeals, 21 Conn. App. 594,599 (1990).
As the Supreme Court stated:
 "A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 363, 372, 537 A.2d 1030 (1988). For a variance to be granted under General Statutes 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978). The zoning board's action must be reasonably supported by evidence in the record. Smith v. Zoning Board of Appeals, supra, 326; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). CT Page 1511 The hardship must be different in kind from that generally affecting properties in the same zoning district. Smith v. Zoning Board of Appeals, supra, 324. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365, 423 A.2d 90 (1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner.'" Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39, 438 A.2d 1186 (982). Kelly v. Zoning Board of Appeals, supra, 599.
As in Kelly, since the reasons stated upon the record were not sufficient to meet the two-pronged conditions set forth above, this court must search the record to find some basis for the granting of the variance. Grillo v. Zoning Board of Appeals, supra, 369. Nowhere does the record show that the parcel of land cannot be used in a manner consistent with the zoning regulations.
The court finds that no reasons were stated by the ZBA either in its granting of the variances (Supplemental Return of Records, Hearing minutes, July 6, 1989) nor in the record of the hearing that address either prong of General Statutes 8-6 (3) (Return of Record, Item 18, Transcript, pg 31-56). There is no testimony from anyone, layman or expert as to the "unusual hardship prong."
EDWARD J. LEAVITT, JUDGE.