[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of a variance application by the plaintiff to the defendant, Zoning Board of Appeals of Ridgefield (hereafter the "Board"). The plaintiff has filed several motions to challenge the Board's failure to comply with requests for admissions, interrogatories, and requests for production. The plaintiff claims that this information is reasonably necessary to use as evidence at the trial of the appeal, and that it should be allowed at that time as "necessary for the equitable disposition of the appeal" under 8-8(k) of the General Statutes. The Board claims that the appeal should be based on the record and that the information requested, both by discovery and requests for admissions, is not relevant to the issues in the appeal and that it cannot be admitted at trial under 8-8(k). The plaintiff's right to the information requested and a response to its requests for admissions depends on several factors: (1) the right to discovery and requests for admissions in administrative appeals; (2) the relevance of the information requested in an appeal from denial of a variance; and (3) whether the court should allow the information as additional evidence at the trial under 8-8(k).
The dispute between the plaintiff and the Town of Ridgefield is over the outdoor display of personal property and use of a sign on property at 719 Danbury Road in Ridgefield. The plaintiff is the lessee and option purchaser of that property which is used for retail sales with an outdoor display of items for sale. The Zoning Enforcement Officer has issued a cease and desist order against the use, which was appealed to the defendant Board, and is the subject of a separate appeal. The plaintiff claims that its use of the property should be CT Page 9137 allowed for the following reasons: (1) it is a legally permitted use; (2) it is a nonconforming use which preexists zoning; (3) variances for similar uses have been granted to other property owners; and (4) the Town and its zoning Enforcement Officer are engaged in selective enforcement of the zoning regulations, which amounts denial of equal protection.
Section 256 of the Practice Book provides that administrative appeals are civil actions for purposes of the Practice Book rules. As a result, the provisions of 238 concerning requests for admissions can be used in administrative appeals. See Fritzche v. Groton Zoning Commission, 12 CLT No. 5, (February 3, 1986). However, requests for admissions under 238(a) apply only to "matters relevant to the subject matter of the pending action." (Emphasis added.) An appeal under 8-8 of the General Statutes from a decision of a zoning board of appeals is limited to the record before the Board, except that evidence must be presented on the issue of aggrievement, and the parties can offer evidence on those limited issues in which the court can hear evidence at the trial based on 8-8(k). See Fabrizio v. Zoning Board of Appeals, 5 CLT No. 41 (September 20, 1979). Discovery is allowed by 218 of the Practice Book "in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required." Sections 223, 227 and 243 have similar provisions on interrogatories, requests for production and depositions. Discovery is more limited in an administrative appeal than a conventional civil action, and is allowed only for those limited areas where a party can offer evidence at the trial of the administrative appeal. Requests for admissions and discovery are only allowed to complete the record or if they lead to evidence which is admissible at trial.
The plaintiff has filed 146 requests for admissions. Most of them concern other properties in Ridgefield which the plaintiff claims are similar as to use of signs and outdoor displays. The remainder of the requests apply to the history, use and zoning status of the subject property. Additional evidence has been allowed at the trial of zoning appeals where the agency was not competent or empowered to decide the issue, the grounds arose subsequent to the agency's action, or there is a challenge to the agency's procedures. A material question is whether the evidence could have been presented to the agency and considered by it when deciding the application. Evidence CT Page 9138 concerning the history of the subject property, including the claims that the uses on it were either permitted or a valid nonconforming use, could have been presented to the Board at a hearing on either the cease and desist order or the variance. Board records from prior proceedings concerning the same property can and should be part of the return of record, in which case no additional evidence on the content of those records will be needed at the trial. With the exceptions stated, the Board's decision should be based on the evidence presented to it, and the court cannot second-guess the Board on appeal by allowing additional evidence that the Board did not consider because it was not offered at the public hearing.
The plaintiff claims that it submitted the variance application only because the Zoning Enforcement Officer instructed the plaintiff to apply for a variance. It is common practice for a property owner to file both an appeal from a cease and desist order and a variance application at the same time and for the Board to hear both together. The only limitation is that the Board must decide the issues in the appeal before ruling on the variance. Section 8-6a of the General Statutes.
Evidence that the use is a permitted use is not a relevant issue in an appeal from denial of a variance, because if a proposed or existing use is a permitted use under the zoning regulations, a variance cannot be granted. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372.
A nonconforming use is an existing use established prior to zoning regulations, the continuance of which is authorized by statute or by the zoning regulations. Pleasant View Farms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265,272. On the other hand, "a variance is authority granted to the owner to use his property in manner forbidden by the zoning regulations." Grillo v. Zoning Board of Appeals, supra, 372. A nonconforming use is a vested right to continue to use the property for the same purpose, Petruzzi v. Zoning Board of Appeals, 176 Conn. 479, 484, and does not require a variance. The plaintiff's claims of a legally permitted use and a valid nonconforming use are properly raised in an appeal upholding a cease and desist order, but not in an appeal from denial of a variance. Accordingly, information requested by discovery for admissions as to the status of the property are not proper evidence at the trial or necessary for equitable disposition of CT Page 9139 the appeal under 8-8(k).
The plaintiff's next claim is that the Board granted variances for similar uses on other properties in the Town. As the Appellate Court pointed out in Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 191, whether a variance should be granted for a particular property depends upon whether the property owner has demonstrated a hardship peculiar to that parcel, different in kind from that generally affecting properties in the same zoning district. The fact that variances have been granted to landowners near the site of a proposed variance does not constitute proof of undue hardship, as each case must be decided on its own merits and a variance is not justified on the ground that other variances were previously granted in the immediate area. Id., 191; see also Anderson, American Law of Zoning (3d Ed. 1986) 20.26. Since evidence of variances for other properties is not relevant in this appeal, the plaintiff cannot introduce evidence on this issue at the trial, and is not entitled to discovery or admissions from the defendant on the subject.
The plaintiff's final claim is denial of equal protection by discriminatory enforcement of the zoning regulations. In order to be entitled to a variance under 8-6(3) of the General Statutes, two conditions must be met: (1) the variance cannot substantially affect the comprehensive zoning plan, and (2) applying the zoning ordinance to the property must cause unusual hardship unnecessary to carry out the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, supra, 368. Whether or not the town has been discriminatory in enforcing the zoning regulations may be relevant to an estoppel claim preventing enforcement of them as to the subject property, or in an appeal from upholding a cease and desist order, but it is not controlling on whether or not the plaintiff is entitled to a variance. The plaintiff has relied upon three cases concerning an equal protection claim which state the rule that failure to comply with zoning ordinances cannot be justified by the existence of other violations unless it is shown that a pattern of discrimination has been consciously practiced by the municipality. Chaplin v. Balkus,189 Conn. 445, 443; Carini v. Zoning Board of Appeals,164 Conn. 169, 174; Bianco v. Darien, 157 Conn. 548, 556. The Chaplin case was an action for an injunction brought by a town to enforce the zoning regulations, and Bianco v. Darien was an injunction action to prevent the town from enforcing the zoning CT Page 9140 regulations against the plaintiff on grounds of laches and estoppel. In a proper case, evidence of selective zoning enforcement is relevant in an injunction action to enforce or preclude enforcement of zoning regulations, but this case is an appeal from denial of a variance. In Carini v. Zoning Board of Appeals, the court stated that "[i]t is not the function of a zoning board of appeals to consider matters such as estoppel or laches in determining whether a variance should be granted. The board's power is restricted to that provided by the zoning ordinance in accordance with legislative or statutory enactments." Id., 173. Recognizing the test for selective zoning enforcement, the court noted that neither the transcript nor the entire record showed discriminatory zoning enforcement. Id., 174. The decision does not state that evidence of selective enforcement can be introduced at the trial of an appeal from denial of a variance.
While the selective enforcement issue may be relevant in an injunction action or an appeal from a cease and desist order, evidence on the issue is not appropriate or necessary for the disposition of this appeal, and will not be allowed at the trial pursuant to 8-8(k). For the same reason, the motion to determine the sufficiency of the defendant's answers to the requests for admissions, motion to compel the defendant to comply with discovery and requests for admissions (#115 and #118), and the motion for a finding that evidence can be obtained pursuant to 218 of the Practice Book (#116) are denied.
Robert A. Fuller, Judge