[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is an appeal from a decision of the Fairfield Zoning Board of Appeals (hereafter called the Board) to grant in part and to deny in part a variance requested by the plaintiffs. The subject property at 1011 Fairfield Beach Road in Fairfield was purchased by the plaintiffs in June, 1992, and as the unsuccessful applicants for a variance for the property and as the property owners they have standing to maintain this appeal. [Bossert Corporation v. Norwalk], 157 Conn. 279, 285.
The zoning enforcement officer initially issued a cease and desist order on the ground that some additions made to the building on the property violated the setback provisions of the zoning regulations and had been constructed without a permit. The plaintiffs claim the additions were proper reconstruction following storm damage, that they existed more than three years before the town acted to enforce the regulations, and are protected as nonconforming uses under § 8-13a of the General Statutes. The plaintiffs then filed this variance application and the town has not pursued the cease and desist order. On July 8, 1993 the Board granted a variance of § 11.10 of the zoning regulations for a porch on the Fairfield Beach Road side of the house, and an emergency deck for which an emergency permit had previously been granted after a severe storm in December 1992 to allow access to the house and stabilize it. The Board denied a variance for a three foot addition on the westerly side of the house and a porch addition which had been extended beyond the scope of the emergency permit. The addition on the westerly side of the building is only two-tenths of a foot from the property line, in violation of the four foot side yard setback provision in § 11.11 of the zoning regulations.
The plaintiffs' initial claim is that the addition, which was on the building when the plaintiffs acquired it in June 1992, existed for more than three years before the town issued a cease and desist order, and has acquired the status of a nonconforming use. Section 8-13a of the General Statutes provides that if a building is situated on a lot in violation of the setbacks from lot boundaries, and has been so situated for three years before a zoning enforcement action is started, the building is considered a nonconforming building in relation to CT Page 4602 the setbacks. If the addition on the westerly side of the building existed for three years and became a nonconforming use as a result of § 8-13a of the General Statutes, a variance would not be required. A variance requires proof of hardship imposed by the zoning regulations, as a condition precedent to waiver of the provision in the regulations, but no variance is needed if the addition is legally protected as a valid nonconforming use. Section 8-2 of the General Statutes allows continuation of nonconforming uses, even where there is no exemption or provision for them in the zoning regulations. [D J QuarryProducts, Inc. v. Planning Zoning Commission], 217 Conn. 447,455. It is a vested right which cannot be taken away and which runs with the land. [Petruzzi v. Zoning Board of Appeals],176 Conn. 479, 483. If the addition is protected by law, no hardship is imposed by the zoning regulations, and the board cannot grant a variance. [Grillo v. Zoning Board of Appeals],206 Conn. 362, 372.
On the other hand, if the addition did not acquire the status of a nonconforming use as a result of § 8-13a of the General Statutes, the defendant is correct that a variance was properly denied for lack of hardship, and that any hardship that existed was self-created. A zoning board of appeals can grant a variance under § 8-6(3) of the General Statutes only if two conditions are met: (1) the variance must be shown not to substantially effect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the implementation of the general purpose of the zoning plan. Id, 368; [Whittaker v. Zoning Board of Appeals], 179 Conn. 650, 655. A property owner is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in the same zoning district. [Carini v.Zoning Board of Appeals], 164 Conn. 169, 172; [Garibaldi v. ZoningBoard of Appeals], 163 Conn. 235, 238.
The record shows nothing unique here which justifies an addition on the westerly portion of the building in violation of the setback requirements. While the building on the lot exceeds the maximum coverage provision in the zoning regulations and is close to the property line, a similar situation exists for other properties in the area. In addition, where a hardship is self-created, the zoning board of appeals cannot properly grant a variance. [Pollard v. Zoning Board of Appeals], 186 Conn. 32,39; [Highland Park, Inc. v. Zoning Board of Appeals], 155 Conn. 40, CT Page 4603 43; [Booe v. Zoning Board of Appeals], 151 Conn. 681, 683. The Board is also under no duty to extricate an applicant from a self-created hardship. [Pollard v. Zoning Board of Appeals], supra, 44. This would include a zoning violation created by a predecessor in title to the plaintiffs. [Belknap v. Zoning Boardof Appeals], 155 Conn. 380, 384.
It is unclear from the record whether the Board considered the claim of a nonconforming use and rejected it based on evidence at the public hearing, or whether it failed to consider that claim at all. Since resolution of that issue is unnecessary to decide this appeal, and it is not clear that the Board ruled on the question, it will not be decided here.
The appellants claim that denial of the variance amounted to confiscation. This type of claim, while often raised, is seldom successful. It clearly fails where, as here, the property owner derives some economic benefit from the property, although not as much as would be possible without the zoning restriction, here the side yard setback. See [State NationalBank of Connecticut v. Planning Zoning Commission], 156 Conn. 99,102-105; [Samp Mortar Lake Co. v. Town Plan ZoningCommission], 155 Conn. 310, 314, 315. The plaintiffs clearly have some use of their property, and can use the house on it without the addition on the westerly side which violates the setback provisions.
The remaining claims of the plaintiffs are predetermination to deny a variance, an ex-parte communication from interested, adjacent property owners, and the failure to enforce the zoning regulations against other property owners. None of these claims have any merit. They are not supported by the record, and no evidence was offered to prove them at trial. A defense that a zoning violation is justified because the municipality does not take action against other violations cannot be maintained unless it is shown that a pattern of discrimination has been consciously practiced by the municipality. [Bianco v. Darien],157 Conn. 548, 556; [Town of Chaplin v. Balkus], 189 Conn. 445,448; [Carini v. Zoning Board of Appeals], supra, 174. There is no proof of that here. Predetermination requires proof that the board members were irrevocably committed to the particular action no matter what evidence was produced. [Furtney v.Simsbury Zoning Commission], 159 Conn. 585, 594; [Daviau v.Planning Commission], 174 Conn. 354, 358. There is insufficient evidence of that here, and none was produced at trial. There is CT Page 4604 also no proof of an ex-parte communication by an interested opponent after the public hearing. The Board heard and immediately afterwards decided the application on July 8, 1993. The letter claimed as an illegal communication bears the same date. For the letter to have influenced the Board in reaching its decision, it would necessarily have been received before the decision was made. If received afterwards, it could not have been prejudicial.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE