[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the City of New Haven has brought this complaint against Congress Reality Trust, Inc. (Congress) and Anthony Pearson (Pearson). The defendant Congress is the record owner of property at 790 Congress Avenue, in the City of New Haven and the defendant Anthony Pearson is the lessee of said property. The plaintiff claims the defendant Anthony Pearson is operating a dance hall on the subject premises in violation of the New Haven Zoning Ordinances. The defendants deny this claim. CT Page 656 The plaintiffs are seeking:
1. A temporary and permanent injunction enjoining and restraining the defendants, their agents, servants and employees from operating or permitting the operation of a dance hall and maintaining insufficient parking at said property;
2. Civil penalties as provided by Connecticut General Statute § 8-12, not limited but including a penalty of $2,500.00 payable to the Treasurer of the City of New Haven for failure to comply with the cease and desist order immediately;
3. Its costs and attorney's fees; and
4. Such other relief as the court deems necessary.
On July 7, 1995 the plaintiff served the defendants with a cease and desist order dated July 5, 1995. (Exhibit B.) Said cease and desist order ordered the defendants to cease operation of a dance hall at the aforementioned address within ten days from the receipt of said order. The defendant Anthony Pearson continues to operate his business in the same manner as before at said address and he states that he is not operating a dance hall on the premises but is operating a restaurant thereon for which he has a permit.
Clarence Phillips, the Building Official for the City of New Haven, testified in this matter. He stated he knew Anthony Pearson in the past. He testified that Mr. Pearson came into his office for an application form to operate a business in the fall of 1994. The defendant, Mr. Pearson stated to him he wanted to operate a business at 790 Congress Avenue which would serve food and liquor and cater to people over twenty one years of age. Mr. Phillips stated that Mr. Pearson absolutely never mentioned to him that he would be operating a dance hall or catering to individuals who were under twenty-one years of age. Mr. Phillips testified that Mr. Pearson told him he was going to operate restaurant and cafe at said location. On February 15, 1995 the plaintiff issued a Certificate of Use and Occupancy for the subject premises to be used as a "Cafe/Restaurant" with seventeen seats. On that certificate under "Use Group" was typed "A-3 Cafe/Restaurant." (Exhibit A.) Mr. Phillips said he wanted to be sure that when he signed off on said Certificate of Use and Occupancy he knew the intended use of the premises by the applicant. He stated that is why he put A-3 Cafe/Restaurant on CT Page 657 it. He stated restaurants serve food primarily and dancing is secondary. Mr. Phillips also signed the Building Application for the subject premises which was dated February 15, 1995. (Exhibit 1.) He stated when he signed that document he did not know if Mr. Pearson had a liquor permit for the premises and he did not inquire about it.
Francesco Gargiulo, the zoning administrator for the plaintiff, testified that he inspected the subject premises on July 2, 1995 at a time which was past midnight. He said the only activity he saw was about one hundred people dancing to music. He stated he did not see anyone eating food or at the juice bar. He stated there had been complaints about the subject premises from the neighbors and the police. The premises was known as "Club Flava."
Mr. Gargiulo stated that the defendants appealed the cease and desist order to the New Haven Zoning Board of Appeals and that board sustained the cease and desist order on September 8, 1995. (Exhibit E.) He stated that to operate a dance hall in the City of New Haven a person needs an A-2 Permit not an A-3 Permit as the defendant Anthony Pearson has for the subject premises. Everyone who testified on this point stated that the City of New Haven has never issued a permit to operate a dance hall. Mr. Gargiulo testified that the defendants are violating Section 42L of the New Haven Zoning Regulations because the premises are being used as a dance hall and Section 45A thereof because there is insufficient parking for such an activity. He did state that a cafe can be used for amusement and recreational activities. He also testified that an A-3 Permit did not require permanent seating.
The defendant Anthony Pearson testified in this case. He testified that he is not operating a dance hall as the plaintiff alleges and therefore he had no reason to cease and desist from doing anything. He stated he always has food available such as chicken, pizza, buffalo wings and spaghetti. He stated food is the main part of his business. He said he does not charge a cover charge but you pay a set fee of $4.00 or $5.00 and you get all you can eat. (Exhibits 15, 16 and 17.) He stated he applied for a Certificate of Occupancy and Use to the City of New Haven around February 15, 1995. He also testified he applied for a liquor license for the premises from the State Liquor Control Commission in late February 1995. He stated he intended to sell liquor in the Club Flava if he received a liquor permit. While he was CT Page 658 waiting for approval of his liquor permit application he operated Club Flava and catered to young people as his clientele. Mr. Pearson stated he had receipts totalling approximately $2,700.00 for food purchases he made between April 1, 1995 and December 8, 1995. (Exhibit 8.) He also purchased a pizza oven for $1,028.00 for Club Flava. (Exhibit 9.) Club Flava also has a microwave oven and two refrigerators on the premises. Club Flava also received a Live Entertainment Permit on March 28, 1995 (Exhibit 6) and a Food Service License on May 8, 1995 (Exhibit 5). Mr. Pearson stated that the State of Connecticut Liquor Control Commission denied his application for a liquor license for Club Flava on November 30, 1995. He stated he intends to appeal the denial of said liquor permit. Mr. Pearson also testified that much of the food served at Club Flava was prepared off premises. He also stated that his main intent for Club Flava on February 15, 1995 when he received his Certificate of Use and Occupancy was to sell liquor and have dancing. He stated he just wanted to have seventeen seats in Club Flava and that is why that number is reflected on said certificate.
Donald Fleming, the owner of 790 Congress Avenue, New Haven, Connecticut testified that he leased the property to Mr. Pearson with the knowledge that he was going to apply for a liquor permit from the State Liquor Control Commission. Mr. Fleming also testified that the City made Mr. Pearson put in a handicapped bathroom. Mr. Fleming stated the subject premises had been used as a bar for seventy-three years according to the Liquor Control Commission.
Lieutenant Manual Diaz, a member of the New Haven Police Department testified in this matter. He is the police office in charge of the district where the Club Flava is located. He testified he is familiar with Club Flava because of the neighbor's complaints about drugs relative to said Club and major chaos on weekends that surrounds the Club. After receiving the complaints, Lieutenant Diaz observed problems outside of the Club but not inside. He said the biggest problems are on Friday and Saturday nights when there are at times over two hundred youths inside and outside of the Club. He testified that youths sit on neighbor's porches vomiting, smoking marijuana, fighting and urinating. He stated the Club usually opens around 9:00 P.M. and closes between 1:40 A.M. and 2:00 A.M. He stated there is documentation of fighting inside the Club but no one has been arrested as a result thereof. He testified when trouble started the manager of Club Flava would open the side doors and let all CT Page 659 the youths out onto the street. He stated that three or four times calls were made to the police because two hundred to two hundred and fifty youths were on the streets around the Club. He also testified that on three or four occasions when the police attempted to go into the Club Flava through the front door it was locked. He stated the police chose not to break in the front door on those occasions because the youths were coming out the side door. He stated the premises on which Club Flava is located was a liquor establishment for over twenty years and there was no trouble there until the defendant opened a juice bar on the premises. He also stated there have been no arrests for alcohol or drugs inside the Club Flava.
There was much testimony from Major Daniel Blackmon, a retired New Haven Police Officer, and other witnesses about other clubs within the City of New Haven that were allegedly similar to the Club Flava and how they were operated and what activities took place in these clubs. These were clubs known as the Dunbar Cafe, Knickerbockers Club, Cardinal Cafe, Third World Cafe, Falcon II, Taurus Cafe, Tune Inn and the Museum Bar. All the aforementioned clubs or bars served liquor but two of them, namely the Tune Inn and the Third World Cafe. Also two of them did not have certificates of use and occupancy from the City according to Clarence Phillips. These clubs without such certificates were the Tune Inn, and the Third World Cafe.
The defendants have alleged in oral argument to the court that Club Flava has been the victim of selective enforcement by the City of New Haven of its Ordinances and Zoning Regulations. The court would state here that it visited the Club Flava with counsel for each party and viewed not only the inside of said Club but also the surrounding neighborhood. Likewise the court and counsel for both parties viewed the outside of the Tune Inn and the neighborhood that surrounded that establishment. The court did not find the Club Flava and the Tune Inn to be similar as to their locations. The Club Flava is in a residential area although there are many commercial businesses on Congress Avenue in the vicinity of the Club. The Tune Inn is located in the downtown area of New Haven with residential high rise apartment complexes nearby.
The defendants claim that they are not operating a dance hall in violation of Section 42L of the New Haven Zoning Ordinance. They claim they are operating a Cafe/Restaurant under an A-3 Use Group Permit. The plaintiff claims that the defendants are CT Page 660 operating a dance hall and therefore need an A-2 Use Group Permit. Much was made of the terms "Cafe/Restaurant" and "Dance Hall" during this trial. Neither term is defined in the New Haven Zoning Ordinances. However, those Ordinances state that words not defined in this ordinance shall be defined in the most current edition of Webster's New World Dictionary, College Edition. (Exhibit I.) In that dictionary the term "cafe" is defined as (1) coffee, (2) a coffeehouse, (3) a small restaurant esp. one serving alcoholic drinks and sometimes providing entertainment, (4) a barroom. In that dictionary the term "dance hall" is defined as a large, usually public, hall for dancing. (Exhibit J.)
After hearing the evidence and viewing the Club Flava the court finds that the defendants are not operating a Cafe/Restaurant from the premises at 790 Congress Avenue, New Haven, Connecticut. A Cafe/Restaurant is an approved use at that location but that is not what is being operated thereon by Mr. Pearson. The business operation which was described to City officials when a Certificate of Use and Occupancy was applied for and subsequently granted by the plaintiff is not the business that is being operated by Mr. Pearson. He is now operating what can be best described as a dance hall for youths and as such he needs an A-2 Use Permit to operate that type of business legally in the City of New Haven.
Mr. Pearson alleges that he is the victim of selective enforcement of the New Haven Zoning Ordinances. The court assumes that his claim is that his equal protection rights under the State and United States Constitutions are being violated as a result thereof. Liability in the instant type of equal protection case should depend on proof that (1) the person (defendant Anthony Pearson) compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.Schnabel v. Tyler, 230 Conn. 735, 762 (1994). In this matter the defendant Anthony Pearson has not sustained his burden of proving that he was singled out from other persons or businesses similarly situated in the City of New Haven. Failure to comply with ordinances cannot be justified by the existence of other violations unless it is shown that a pattern of discrimination has been consciously practiced by the municipality Chaplin v.Balkus, 189 Conn. 445, 448 (1983). CT Page 661
Also the defendant Anthony Pearson claims that the plaintiff issued him a Certificate of Use and Occupancy and had him spend monies to put in a handicapped bathroom and then when he applied for a liquor permit to the State Liquor Control Commission, which the plaintiff's officials knew he would, those same officials of the plaintiff opposed the granting of said liquor permit. Therefore, Mr. Pearson claims that the plaintiff should be estopped from seeking this injunction. In municipal zoning cases, however, estoppel may be involved "(1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. Bauer v. Waste Managementof Connecticut, Inc., 234 Conn. 221, 227 (1995).
To summarize, in order for a court to invoke municipal estoppel, the aggrieved party must establish that: (1) an authorized agent of the municipality had done or said something calculated or intended to induce the party to believe that certain facts existed and to act on that belief; (2) the party had exercised due diligence to ascertain the truth and not only lacked knowledge of the true state of things, but also had no convenient means of acquiring that knowledge; (3) the party had changed its position in reliance on those facts; and (4) the party would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents. Id.
The defendant has not sustained his burden that in this case the plaintiff municipality should be estopped from enforcing its zoning ordinances because of actions of its agents or employees. The evidence in this case does not show that any municipal agent or employee induced the defendant Anthony Pearson to do anything. Anything Mr. Pearson did he did on his own without any inducement from the plaintiff officials.
The court has repeatedly held that where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance; see General Statutes § 8-12; the municipality is not required to show irreparable harm or unavailability of an adequate remedy at law before obtaining an junction; rather, all that it must be shown is a violation of the ordinance. Farmington v. ViacomBroadcasting, Inc., 10 Conn. App. 190, 197 (1987). CT Page 662
After hearing the evidence the court finds that the plaintiff has sustained its burden of proof that the defendant Anthony Pearson is operating a dance hall at 790 Congress Avenue in the City of New Haven and has since May 1995 in violation of Section 42L of the New Haven Zoning Ordinance. The plaintiffs have further sustained their burden of proof that a dance hall is not a permitted use under an A-3 Use Group. The court finds that the City of New Haven did not prove that the defendants violated Section 45A of the New Haven Zoning Ordinance relative to parking.
The defendant Congress Reality Trust Inc. the record owner of the subject property as per the complaint at 790 Congress Avenue in the City of New Haven did not appear in the matter but Donald Fleming did testify that he was the owner of said premises.
The court grants to the City of New Haven a temporary injunction to prohibit Congress Reality Trust, Inc. and/or Anthony Pearson from operating its present business at 790 Congress Avenue also known as 171 West Street, in the City of New Haven. This injunction does not apply to any business the defendants may operate at such location in accordance with the Certificate of Use and Occupancy for said premises issued by the City of New Haven on February 15, 1995. In accordance with Connecticut General Statute § 8-12 the court imposes a fine of Two Hundred and Fifty ($250.00) Dollars per day for each day that this temporary injunction is violated.
The court heard this matter as a temporary injunction and not a permanent injunction because it did not state to the attorneys before trial commenced whether it was a permanent or temporary injunction hearing. During the hearing of the matter one attorney did not agree to have it be heard as a permanent injunction hearing and therefore the court did not hear it as such.
William J. Sullivan, Judge