## JOHN LAZORIK ET AL. *v.* RITA J. DONALDSON
## (AC 21250)

Landau, Mihalakos and Shea, Js.

Argued May 30—officially released September 11, 2001

*Rita J. Donaldson,* pro se, the appellant (defendant).

*Andre D. Dorval,* with whom was *Timothy M. Lodge,* for the appellees (plaintiffs).

*Opinion*

PER CURIAM. In this foreclosure action, after the parties entered into a stipulated judgment, the defendant, Rita J. Donaldson, filed a motion to reopen the judgment and to extend the law day. The defendant, who is pursuing this appeal pro se, appealed following the trial court's denial of her motion to reopen.[1] On appeal, the defendant claims that the trial court abused its discretion when, during the hearing on the motion to reopen, it denied her request for additional time to

---

[1] In her brief and at oral argument, the defendant challenges the propriety of the stipulated judgment. By order of December 19, 2000, this court granted the plaintiffs' motion to dismiss to the extent that the defendant challenged the stipulated judgment. This court denied the defendant's motion to reconsider that part of the order on January 24, 2001. Therefore, we will not review any issue challenging the propriety of the stipulated judgment.

obtain new counsel. We affirm the judgment of the trial court.

We review the court's decision under an abuse of discretion standard. See *Chaplin* v. *Balkus*, 189 Conn. 445, 448–49, 456 A.2d 286 (1983). In the present case, on August 14, 2000, the defendant filed, and the court granted, a motion to open the judgment and to extend the law day. The court extended the law day for one month. Prior to the law day, the defendant filed a motion to reopen the judgment. A few days prior to the hearing on the motion to reopen, the defendant allegedly discovered that her counsel had agreed to the aforementioned stipulated judgment without her consent. She immediately discharged her counsel and, at the hearing, requested additional time so that she could hire new counsel. The court denied her request and subsequently denied her motion to reopen.[2] After carefully reviewing the record and the briefs, we conclude that the court did not abuse its discretion in denying the defendant's request for additional time to hire new counsel.

The judgment is affirmed.

---

[2] Although the defendant claims that she did not discover her counsel's impropriety until days before the hearing on the motion to reopen and, therefore, she did not have enough time to hire new counsel, she neither brought an action against her former counsel nor, at the very least, provided any evidence on appeal to support her claim of attorney misconduct.

